IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
MAY 2 0 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| MARY ANN MURRAY and LIGE M. MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>BILLINGS GARFIELD LAND COMPANY, ROBERT E. SEVERSON, SEVERSON MINERALS, LLC, BEJ MINERALS, LLC, RTWF, LLC and JOHN DOES 1-10,<br><br>Defendants. | CV 14-106-BLG-SPW<br><br>OPINION and ORDER |
| BEJ MINERALS, LLC, RTWF, LLC<br><br>Counter-Claimants,<br><br>v.<br><br>MARY ANN MURRAY and LIGE M. MURRAY,<br><br>Counter-Defendants. | |

Plaintiffs Mary Ann Murray and Lige Murray (collectively "Murrays") have moved to strike eight exhibits filed by Defendants BEJ Minerals, LLC and RTWF, LLC (collectively "Seversons") related to the pending summary judgment motions. Because these exhibits constitute inadmissible evidence, the Court grants the Murrays' motion and strikes the exhibits.

1

## I. Background

Both the Murrays and Seversons have moved for summary judgement. The motions present the question of whether dinosaur fossils found on a ranch are considered "minerals" under a mineral deed. The Murrays challenge several exhibits filed by the Seversons in connection with the motions.

Pursuant to Local Rule 56.1, the Seversons filed a Statement of Undisputed Facts in support of their summary judgment motion. (Doc. 48-2.) The Seversons attached a declaration by their attorney Brian Lake in support of their Statement of Undisputed Facts ("Lake Declaration"). Twenty-seven exhibits are attached to the Lake Declaration. At issue here are Exhibits P, S, Z, and AA. Exhibit P is an article from a magazine named The Furrow. (Doc. 48-5.) The article, entitled "T-Bones and T-Rexes," profiles an individual named Clayton Phipps and details the story of how Phipps assisted the Murrays in discovering and excavating fossils found on the property. The article also describes the Murrays' attempt to sell a unique collection of fossils called the "Dueling Dinosaurs." Exhibit S is an article from Men's Journal entitled "The Dinosaur Cowboy," and it also profiles Phipps and his fossil discoveries. (Doc. 48-6 at 8-9.) Exhibit Z is a printout of a webpage from an auction house named Bonhams that describes the results of a 2009 auction of an unrelated Triceratops skull. (Doc. 48-6 at 29-31.) Exhibit AA is an article from High Country News entitled "Dinosaur Wars." (Doc. 48-6 at 33-39.) The

article again profiles Phipps and describes the controversy regarding private sales of dinosaur fossils. Mary Ann Murray is quoted in the article:

> "If you found an oil well on your land, would you be willing to just donate it or give it away?" asks Murray. "It is an investment we made when we bought the land. It's no different than finding minerals on your place."

(Doc. 48-6 at 39.)

Pursuant to L.R. 56.1(b), the Murrays filed a Statement of Disputed Facts in which they set forth whether they dispute the facts asserted by the Seversons. In response to the information contained on Exhibits P, S, Z, and AA, the Murrays stated that the information attributed to the exhibits in the Statement of Undisputed Facts was "undisputed." (Doc. 55 at 16, 17-18, 20, 21.)

In opposition to the Murrays' summary judgment motion, the Seversons include a declaration by a different attorney named Stephanie Regenold ("Regenold Declaration"). (Doc. 52-1.) Fourteen exhibits accompany the Regenold Declaration. At issue are Exhibits A, C, D, and H. Exhibit A contains photographs of informational panels found at the Museum of the Rockies describing the formation of fossils. (Doc. 52-2 at 1-5.) Exhibit C is a brochure published by the Montana Legislature's Environmental Quality Council entitled "A Guide to Split Estates in Oil and Gas Development." (Doc. 52-2 at 14-16.) This document is apparently intended for the general public and, as the name suggests, it describes mineral leasing and the rights and obligations under Montana law for

holders of surface and mineral rights. Exhibit D is a brochure published by the Montana State University Extension Office entitled "Understanding Mineral Rights." (Doc. 52-2 at 17-21.) This document's stated purpose is "to help land and mineral owners understand mineral rights." (*Id.* at 18.) Both exhibits C and D are found online. Exhibit H is a legal memo intended for a Dutch museum that purchased a Tyrannosaurus Rex skeleton excavated from the Murrays' ranch. (Doc. 52-2 at 47-53.) An attorney retained by the Dutch museum drafted the memo. In the relevant part of the memo, the attorney concludes that Montana law is unsettled regarding whether a fossil is part of the surface or mineral estate.

## II. Standard

A party may object to material cited to support or oppose a summary judgment motion if it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "A trial court may only consider admissible evidence in ruling on a motion for summary judgment." *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006). The Federal Rules of Evidence are used to determine admissibility. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

## III. Regenold Declaration's Exhibits C and D

As discussed above, Exhibits C and D to the Regenold Declaration are informative brochures that are found online. The authors of these documents were

4

not deposed and did not otherwise provide statements in this matter. The Murrays argue that these documents constitute inadmissible hearsay and are not properly authenticated. The Seversons respond that they did not intend to offer Exhibits C and D as evidence, but rather as persuasive legal authority similar to a citation to a law review article. The Seversons continue that the exhibits are also admissible as evidence by arguing that the brochures are adequately authenticated. The Seversons do not address the Murrays' argument that the exhibits are inadmissible hearsay.

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Unless an exception applies, hearsay is generally inadmissible. Fed. R. Evid. 802.

Even assuming they are properly authenticated, the Court finds that Exhibits C and D to the Regenold Declaration constitute inadmissible hearsay. First, the author of those brochures did not make those statements while testifying in the current matter. Second, the Seversons offer the exhibits to prove the truth of the matter asserted in the brochures – how Montana law approaches mineral rights. The Seversons do not point to a hearsay exception that could apply. Because Exhibits C and D are statements not made in the current proceeding and are offered for the truth of the matter asserted, they are inadmissible hearsay.

5

The Court is not persuaded by the Severson's attempt to portray the exhibits as persuasive legal authority rather than evidence. The Seversons do not mention Exhibits C and D in their brief responding to the Murrays' legal arguments. Instead, they are cited in their Statement of Disputed Material Facts to challenge an expert opinion proffered by the Murrays (Doc. 53 at 22-23) and support an additional fact in opposition to the Murrays' summary judgment motion (Doc. 53 at 35). Since they were improperly offered as evidence, the Court strikes Exhibits C and D to the Regenold Declaration.

**IV. Lake Declaration's Exhibit Z**

The Lake Declaration's Exhibit Z is the printout from Bonhams' website that shows the auction results for an unrelated Triceratops skull. The Murrays argue that Exhibit Z is not properly authenticated and constitutes inadmissible hearsay. The Seversons respond that the printout is properly authenticated. Further, the Seversons contend that it is nonhearsay under Fed. R. Evid. 801(d)(2)(B), as the Murrays made an adoptive admission by not disputing its contents in their Statement of Disputed Facts.

Fed. R. Evid. 801(d)(2)(B) excludes from the definition of hearsay any statement that "is offered against an opposing party and…is one the party manifested that it adopted or believed to be true." To qualify as an adoptive admission, there must be sufficient foundational facts that would allow the jury to

conclude that the party actually acceded to the statement. *United States v. Monks*, 774 F.2d 945, 950 (9th Cir. 1985). The party offering the exhibit must show evidence of adoption "beyond mere possession." *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015) (quotation omitted). The surrounding circumstances must "tie the possessor and the document together in some meaningful way." *Id.* (quotation omitted). For example, copying another person's memorandum into an email and prefacing the memorandum with an inculpatory statement constitutes an adoptive admission. *Sea-Land Serv., Inc. v. Lozen Int'l, LLC.*, 285 F.3d 808, 821 (9th Cir. 2002). In addition, "a party who is only vaguely aware of the contents of a document manifests an intent to adopt these contents by using the document to accomplish an objective or by acting in conformity with the document." *Transbay Auto Serv.*, 807 F.3d at 1120.

Here, the Court finds that the Murrays did not adopt the contents of Exhibit Z to the Lake Declaration. The surrounding circumstances do not tie the Murrays and the printout from the Bonhams' website in any meaningful way. The Seversons cited Exhibit Z in its Statement of Undisputed Facts for the fact that a Triceratops skull found elsewhere sold for $242,000. (Doc. 48-2 at 14.) Pursuant to L.R. 56.1(b)(1)(A), the Murrays had to state whether this fact was undisputed or disputed. If the Murrays disputed the fact, they would have had to "pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit

before the court to oppose each fact." L.R. 56.1(b)(1)(B). The Murrays apparently did not have a specific document to refute the information found in Exhibit Z. However, merely stating "undisputed" in response to a fact taken from an internet printout does not signify that the Murrays intended to adopt the website's contents to accomplish an objective, nor did the Murrays act in conformity with the printout. *Transbay Auto Serv.*, 807 F.3d at 1120.

Further, the skull's sale price is not the only information found on the printout. For example, the web page states that "Triceratops is unquestionably one of the most popular dinosaurs known." (Doc. 48-6 at 29-30.) The Murrays did not respond to that assertion, much less demonstrate an intent to adopt that statement as their own. The Murrays only responded to one fact taken from the web page. The Court finds that there is insufficient evidence to demonstrate an intent by the Murrays to adopt the contents of the web page's printout. Even assuming the web page is adequately authenticated, it is not admissible under Fed. R. Evid. 801(d)(2)(B). Since it is inadmissible hearsay, the Court strikes Exhibit Z to the Lake Declaration.

## V. Regenold Declaration's Exhibit A

Exhibit A to the Regenold Declaration consists of photographs taken of information panels found at the Museum of the Rockies. The informational panels' author is unknown. As an additional fact in their Statement of Disputed

8

Facts, the Seversons quote a portion of Exhibit A for the purported additional fact that "Fossils are the mineralized or otherwise preserved remains or traces of once-living animals, plants and other organisms. . . . Fossilization occurs when organic material is replaced by mineral substances." (Doc. 53 at 34.) In their brief in opposition to the Murrays' summary judgment motion, the Seversons cite to Exhibit A to argue that the public's common understanding is that fossils fall within the general category of minerals. (Doc. 52 at 21.) The Murrays argue that Exhibit A is not properly authenticated and constitutes inadmissible hearsay. The Seversons counter that Exhibit A is not hearsay as it is not offered for the truth of the matter asserted within the informational panels, but rather to show the public's common understanding of how fossils are made.

An out-of-court statement is only hearsay if it is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Because it is included in the Seversons' Statement of Disputed Facts, the Court finds that Exhibit A was offered for the truth of the matter asserted therein. In a Statement of Disputed Facts, a party may set forth "each additional *fact* on which the party relies to oppose the [summary judgment] motion." L.R. 56.1(b)(2)(A) (emphasis added). By quoting them as an additional fact, the Seversons are necessarily offering the informational panels for the truth of the matter asserted therein. The information panels were not attached merely in support of a legal argument, but rather

9

submitted as evidence. Exhibit A to the Regenold Declaration is an out-of-court statement offered for the truth of the matter asserted and the Seversons do not point to an applicable hearsay exception. Accordingly, the Court finds that it is inadmissible and strikes Exhibit A to the Regenold Declaration.

### VI. Lake Declaration's Exhibits P, S, and AA

Exhibits P, S, and AA to the Lake Declaration are magazine articles. The Murrays argue that these constitute inadmissible hearsay. The Seversons argue that they are admissible under Fed. R. Evid. 801(d)(2)(B) as adoptive admissions since the Murrays did not dispute them in their Statement of Disputed Facts. The Seversons also argue that Exhibit AA is admissible as a statement by an opposing party under Fed. R. Evid. 801(d)(2)(A) since Mary Ann Murray is quoted in the article.

The Court finds that the magazine articles are inadmissible hearsay since they are out-of-court statements offered for the truth of the matters asserted therein. As discussed above, the Court does not agree that a party makes an adoptive admission of a document simply by not disputing a small bit of information taken from the document in a Statement of Disputed Facts. The Court also finds that Exhibit AA does not constitute an admission by a party opponent simply because Ms. Murray is briefly quoted in a multipage article. Magazine articles would not

be admissible at trial; accordingly, the Court strikes Exhibits P, S, and AA to the Lake Declaration as inadmissible hearsay.

## VII. Regenold Declaration's Exhibit H

Exhibit H is the legal memo drafted for a Dutch Museum. The Seversons cited the legal memo as an additional fact by stating that the memo highlighted "the uncertainty under Montana law about whether fossils are part of the mineral or surface estate, citing the Farley case, and concluding that '[a] fossilized T-Rex may fit into this definition of mineral.'" (Doc. 53 at 36-37 (quoting Exhibit H to the Regenold Declaration.)) The Murrays argue that the memo is impermissible hearsay. The Seversons argue that the memo is not offered for the truth of the matter asserted therein, but rather to show that the Murrays knew about the uncertainty of Montana law on the subject.

The Court finds that Exhibit H is offered to show the truth of the matter asserted in the legal memo. As an additional fact in their Statement of Disputed Facts, the Seversons attempt to use Exhibit H to show the uncertainty of Montana law on the subject of whether dinosaur fossils falls under the ambit of a mineral deed. Exhibit H is inadmissible hearsay. The contention that Montana law is unsettled in a certain regard is not a fact for summary judgment purposes, but rather a legal argument. The Court notes that Exhibit I to the Regenold Declaration includes an email chain involving the Murrays and their

representatives in response to the memo. The Murrays do not move to strike Exhibit I.

## VIII. Conclusion

None of the exhibits discussed above would be admissible at trial. Accordingly, the Seversons improperly relied upon them in relation to the summary judgment motions. The Court notes that none of the exhibits were particularly relevant to the issue presented in the summary judgment motions, so the effect of striking them will be minimal.

IT IS HEREBY ORDERED that the Murrays' Motion to Strike Certain Exhibits Presented by Defendants on Summary Judgment (Doc. 58) is GRANTED. The following exhibits are stricken: Exhibits P, S, Z, and AA to the Lake Declaration (Docs. 48-5; 48-6 at 7-9, 28-31, and 32-39) and Exhibits A, C, D, and H to the Regenold Declaration (Doc. 52-2 at 1-5, 14-16, 17-21, and 47-53).

DATED this 19th day of May, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge